# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREONDOUS ROBINSON, #B-41303, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19−cv−00069−NJR |
| KEVIN KINK, JOHN R. BALDWIN, and SHERRY BENTON, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Treondous Robinson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was bitten by a spider at Lawrence in July 2018 and denied adequate medical and mental health treatment following the incident. (Doc. 1, pp. 10-15, 18-42). He brings claims against Kevin Kink (Lawrence's warden), Sherry Benton (member of the Administrative Review Board ("ARB")), and John Baldwin (IDOC Director) for violations of his Eighth and Fourteenth Amendment rights. Plaintiff requests money damages and a prison transfer to the correctional facility of his choice. (*Id*. at p. 16).

The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.

28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

The Complaint (Doc. 1, pp. 10-15, 18-42) includes the following allegations: Plaintiff complains of unconstitutional conditions of confinement at Lawrence arising from an outside exterminator's regular application of bug repellant in the prison's common areas.[1] Plaintiff blames this practice for a single spider bite he received. He believes the application of bug spray to common areas, but not individual cells, forced the spider to take refuge in his cell. (*Id.*).

On July 20, 2018, Plaintiff discovered a spider bite on his left forearm when he awoke. Three days later, he filed a grievance seeking treatment of a suspected brown recluse bite. He complained of a painful, swollen, and infected wound. Plaintiff describes a "baseball-size[d] bump." A prison physician drained the wound without applying a numbing agent.[2] Plaintiff was administered no "techni shot."[3] He requested the shot and treatment of severe emotional distress in grievances that were denied by Counselor Kittle, L. Livingston, Warden Kink, ARB Member Benton, and IDOC Director Baldwin. Doctor Felix Rodriguez prescribed Plaintiff numerous psychotropic medications,[4] but Plaintiff still suffers from intense fear, paranoia, hallucinations, sleeplessness, and headaches—symptoms he attributes to the spider bite and has reported to Mental Health Practitioner (MHP) Basnett. (*Id.*).

---

[1] Plaintiff included one exhibit with the Complaint that focuses on a power outage and the related loss of climate control in the cells on or around June 22, 2018. (Doc. 1, pp. 38-41). He does not mention this condition in the statement of his claim. (Doc. 1, pp. 10-15).
[2] It is unclear when the wound was drained. Medical records indicate, however, that Plaintiff tested positive for Methicillin-Resistant *Staphylococcus aureus* (MRSA) on July 23, 2018, and Plaintiff began a course of treatment with Bactrim the same day. (Doc. 1, p. 22). He does not mention this in the statement of his claim.
[3] Plaintiff may be referring to a tetanus shot, but he does not clarify or explain why one was necessary.
[4] He was prescribed Zoloft (25 mg – 100 mg), Remeron (7.5 mg), Prozac (20 mg), "QHS," Zyprexa (5 mg), Celexa (10 mg).

2

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following four counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement at Lawrence in July 2018 by allowing or authorizing an outside exterminator to regularly spray bug repellant in the prison's common areas but not the individual cells.
>
> **Count 2:** Eighth Amendment deliberate indifference to medical needs claim against Defendants for failing to adequately treat the brown recluse spider bite that occurred in July 2018.
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Defendants for failing to ensure adequate mental health treatment for Plaintiff's emotional distress following the brown recluse bite that occurred in July 2018.
>
> **Count 4:** First and/or Fourteenth Amendment claim against Defendants for mishandling Plaintiff's grievances and interfering with his exhaustion of administrative remedies.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[5]

### Discussion

### Count 1

The Eighth Amendment prohibits cruel and unusual punishment of prisoners. U.S. CONST. amend. VIII. Prison officials violate the Eighth Amendment when they respond with deliberate indifference to adverse conditions that deny prisoners "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Adequate shelter and medical care are two of life's necessities. *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016).

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

A pest or rodent infestation may form the basis of an Eighth Amendment claim for unconstitutional conditions of confinement. *See, e.g.*, *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (allegations of pest infestation spanning sixteen months stated claim for inhumane conditions of confinement even where prison official sprayed cell twice). But Plaintiff's single encounter with a spider falls woefully short of this objective standard. Plaintiff describes no history of pest infestations at the prison, no efforts to notify the defendants about the infestation prior to his bite, and no more recent spider sightings. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (inmate's two letters complaining of pest infestations insufficient to state constitutional violation). And, absent any indication that he complained to the defendants about these conditions in time for them to take corrective action, he has also failed to satisfy the subjective component of this claim. *Giles v. Godinez*, 914 F.3d 1040, 1048-49 (7th Cir. 2019) (prison officials exhibit deliberate indifference when they impose wanton and unnecessary infliction of pain on an inmate). Count 1 shall be dismissed without prejudice for failure to state a claim.

### Counts 2 and 3

The Eighth Amendment also prohibits deliberate indifference to an inmate's serious medical condition. *Jellis v. Hulick*, 422 F. App'x 548, 549 (7th Cir. 2011). A medical condition is sufficiently serious if a doctor has determined that prompt treatment is necessary or the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The brown recluse spider bite and infection support an Eighth Amendment claim under this standard. *See, e.g., Myrick v. Anglin*, 496 F. App'x 670, 674 (7th Cir. 2012) (painful MRSA infection sufficiently serious); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) ("purulent draining infection" accompanied by pain and fever sufficiently serious). *But see Jellis*, 422 F.

App'x 548 (two-centimeter spider bite not obviously serious enough to a layperson to support Eighth Amendment claim against guard who delayed treatment for one day).

But Plaintiff does not describe any inaction on the part of defendants or anyone else in response to his spider bite. He admits to waiting at least three days before seeking medical attention for his spider bite, and the exhibits reveal that Plaintiff was immediately diagnosed with an infection and treated with a course of Bactrim on July 23, 2018. Plaintiff does not allege that the antibiotic was ineffective, only that he was not given a "techni shot" as well. And, unfortunately, he has not named his treating physician in this action or demonstrated how any of the named defendants were involved in the decision to deny the shot. Count 2 shall therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff also complains of mental health issues that arose in the wake of the spider bite. His mental health condition may support a claim. *See Giles*, 914 F.3d at 1049 (plaintiff's schizoaffective disorder diagnosis, symptoms, and prescriptions "firmly establish" objectively serious medical condition). But in order to do so, the allegations must also suggest that each defendant responded to his serious mental health condition with deliberate indifference, which occurs when a state official is subjectively aware of, and knowingly disregards, an objectively serious injury that poses an excessive risk to an inmate's health. *Farmer*, 511 U.S. at 837; *Lee v. Young*, 533 F.3d 505, 509-510 (7th Cir. 2008). Here again, Plaintiff has not named his mental health providers (Doctor Rodriguez or MHP Basnett) as defendants in this action or demonstrated how the named defendants were involved in the deprivation of any necessary mental health treatment. Count 3 shall also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 4

Prisoners have a right to "petition the government for redress of grievances" under the First Amendment. *Smith v. Erickson*, 684 F. App'x 576, 578 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009)). Prisoners do not, however, have a substantive due process right to a grievance procedure. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause per se. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, if a prison's grievance process is so deficient that it is essentially unavailable to a plaintiff, he is relieved of the duty to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). *Smith*, 684 F. App'x at 578 (citing *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016)). Plaintiff's claim in Count 4 that Defendants mishandled his grievances and deprived him of the ability to timely exhaust is dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Disposition

**IT IS ORDERED** that the Complaint (including **COUNTS 1, 2, 3,** and **4**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **KEVIN KINK, JOHN R. BALDWIN,** and **SHERRY BENTON** are **DISMISSED** without prejudice from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 2, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00069-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/2/2019**

_(signature)_

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**