# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREONDOUS ROBINSON, #B-41303, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19−cv–00069−NJR |
| KEVIN KINK, JOHN R. BALDWIN, SHERRY BENTON, and FELIX RODRIGUEZ, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for review of Plaintiff Treondous Robinson's First Amended Complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff complains of unconstitutional conditions of confinement resulting in a spider bite at Lawrence Correctional Center ("Lawrence"). (Doc. 6, pp. 1-52). He seeks money damages and injunctive relief that includes a transfer to Dixon Correctional Center ("Dixon"), a job assignment of his choice, and a single cell for the duration of his confinement. (*Id*. at p. 18).

The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**First Amended Complaint**

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 6, pp. 10-52): Due to frequent power outages at Lawrence in June 2018, inmates were exposed to excessive heat and humidity, a lack of running water, and pest infestations in their cells. (*Id*. at pp. 10-11). Prison officials disregarded Plaintiff's complaints that these conditions triggered his asthma and necessitated insect treatments in each cell. (*Id*. at pp. 20-22). In July 2018, he received a spider bite that developed into a "baseball-size" infection on his forearm. (*Id*. at p. 23). The institutional physician drained the infection without applying any numbing agent. (*Id*. at pp. 11-17). Plaintiff was not given a tetanus shot.[1] Fear of another spider bite caused him to lose sleep. Doctor Rodriguez, the prison psychiatrist, responded to his complaints of sleep loss by prescribing an ever-changing cocktail of psychotropic medications[2] that proved to be ineffective and harmful. In addition to sleep loss, Plaintiff suffered from medication side effects that included hallucinations, paranoia, restlessness, headaches, slow speech, and "lazy" mannerisms. (*Id*.). John Baldwin (Illinois Department of Corrections Director), Sherry Benton (administrative review board chair), Kevin Kink (Lawrence's warden), and Dr. Rodriguez disregarded his complaints and prevented him from exhausting his administrative remedies before filing suit. (*Id*.).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to *re-characterize* the claims at issue in this *pro se* action as follows:

> **Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement at Lawrence that included frequent power outages, excessive heat and humidity,

---

[1] Doctors sometimes recommend a tetanus booster shot for patients who have experienced spider bites. *See* https://www.mayoclinic.org/diseases-conditions/spider-bites/diagnosis-treatment/drc-20352377 (site last visited June 20, 2019).
[2] Plaintiff was prescribed the following medications for an unspecified anxiety disorder: Zoloft (25 mg - 100 mg), Remeron (7.5 mg), Prozac (20 mg), QHS, Zyprexa (5 mg), and Celexa (10 mg). (*Id*. at p. 14).

a lack of running water, and a bug/spider infestation beginning in June 2018.

**Count 2:** Eighth Amendment deliberate indifference to medical needs claim against Defendants for failing to adequately treat the spider bite that occurred in July 2018.

**Count 3:** Eighth Amendment deliberate indifference claim against Defendants for failing to ensure adequate mental health treatment for emotional distress caused by Plaintiff's spider bite.

**Count 4:** First and/or Fourteenth Amendment claim against Defendants for mishandling Plaintiff's grievances and interfering with his exhaustion of administrative remedies.

**Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Preliminary Dismissals

The First Amended Complaint (Doc. 6) refers to numerous individuals who are not named as defendants in this action, including the counselor (p. 8), grievance officer (p. 8), Kittle (pp. 13, 21-21, 23-30), Blake (pp. 13, 22), Basnett (p. 15), institutional physician (p. 16), and Livingston (p. 30). The Court will not treat them as defendants in this action, absent any indication in the case caption or list of defendants that they are intended as such. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (a defendant must be "specif[ied] in the caption" to be properly considered a party). All claims against these individuals should be considered dismissed without prejudice.

### Counts 1 and 2

An Eighth Amendment claim arises against prison officials who respond with deliberate indifference to conditions of confinement that deny inmates "the minimal civilized measure of

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

life's necessities," including adequate shelter and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Counts 1 and 2 arise from objectively serious conditions, including deprivations of basic human necessities causing serious medical issues for Plaintiff. Both claims will receive further review against those defendants who deliberately disregarded[4] Plaintiff's verbal and/or written complaints about the conditions, including Warden Kink, ARB Chair Benton, and IDOC Director Baldwin. (Doc. 6, pp. 10-17, 20-22, 27-28, 31-34). Counts 1 and 2 shall be dismissed without prejudice against Dr. Rodriguez because the prison psychiatrist was not named in connection with either claim.

**Count 3**

Count 3 will receive further review against all of the defendants, who Plaintiff blames for ignoring his complaints about Dr. Rodriguez's treatment of his sleep loss and distress with numerous ineffective and even harmful medications. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("medical personnel cannot simply resort to an easier course of treatment that they know is ineffective"); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (deliberate indifference claim against non-medical supervisory official may arise where he or she knows of and facilitates, condones, approves or ignores unconstitutional conduct); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996) (inmate's correspondence to prison administrator may establish Section 1983 liability where it provides knowledge of constitutional deprivation).

---

[4] To state a claim under the Eighth Amendment, Plaintiff must describe a sufficiently serious condition (an objective standard) and establish that each defendant responded with deliberate indifference (a subjective standard). Although Plaintiff characterizes the defendants' conduct as "culpable negligence," the Court must construe the allegations of a *pro se* plaintiff liberally at this stage and, when doing so, finds that the allegations support claims of deliberate indifference against the defendants.

## Count 4

Count 4 was dismissed with prejudice in the Order Dismissing Complaint (Doc. 5). Despite Plaintiff's attempt to revive it, the claim remains dismissed with prejudice.

## Injunctive Relief

Plaintiff's request for injunctive relief shall be treated as a request for relief *at the close of the case*. If interim relief becomes necessary, Plaintiff may file a motion for a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 6) survives preliminary review under 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **2** will proceed against Defendants **BALDWIN, BENTON,** and **KINK**, and **COUNT 3** will proceed against Defendants **BALDWIN, BENTON, KINK,** and **RODRIGUEZ**. However, **COUNTS 1** and **2** are **DISMISSED** without prejudice against Defendant **RODRIGUEZ,** and **COUNT 4** is **DISMISSED** with prejudice against all defendants for failure to state a claim upon which relief may be granted.

With respect to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendants **BALDWIN, BENTON, KINK,** and **RODRIGUEZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer

shall furnish the Clerk with Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 21, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**